# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TOMMY FRENCH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, and FARZANA K. MITCHELL,<br><br>Defendants. | Case No. 1:16-cv-00165-TWP-CHS |
| THE ALLAN J. AND SHERRY R. POTTS LIVING TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBL & ASSOCIATES PROPERTIES, INC., STEPHEN D. LEBOVITZ, and FARZANA K. MITCHELL,<br><br>Defendants. | Case No. 1:16-cv-00195-TWP-CHS |
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 35 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBL & ASSOCIATES PROPERTIES, INC., CBL & ASSOCIATES LIMITED PARTNERSHIP, STEPHEN D. LEBOVITZ, FARZANA K. MITCHELL and JOHN N. FOY,<br><br>Defendants. | Case No. 1:16-cv-00248-TWP-CHS |

MEMORANDUM OF LAW IN SUPPORT OF NEW MEXICO EDUCATIONAL
RETIREMENT BOARD'S MOTION FOR CONSOLIDATION OF RELATED CASES,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF THE COMPLAINTS ..................................................................................... 2

ARGUMENT ................................................................................................................................ 3

I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 3

II. THE COURT SHOULD APPOINT NMERB AS LEAD PLAINTIFF ............................ 4

    A. The Procedure Required By the PSLRA .................................................. 4

    B. NMERB is the Most Adequate Plaintiff .................................................. 5

        1. NMERB Has Complied with the PSLRA and is Willing to Serve as a Class Representative ...................................................................................... 6

        2. NMERB is an Institutional Investor with the Largest Financial Interest in the Relief Sought by the Class ...................................................................... 6

        3. NMERB Meets the Requirements of Fed. R. Civ. P. 23 ............................. 7

            (a) NMERB's Claims Are Typical of Those of the Class .................... 7

            (b) NMERB Will Fairly and Adequately Protect the Interests of the Class ........................................................................................................ 8

III. THE COURT SHOULD APPROVE NMERB'S CHOICE OF COUNSEL ..................... 9

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Beattie v. CenturyTel, Inc.*,
   511 F.3d 554 (6th Cir. 2007) ........................................................................................8

*Burgraff v. Green Bankshares, Inc.*,
   No. 2:10-CV-00253, 2011 WL 613281 (E.D. Tenn. Feb. 11, 2011) ....................................7, 8

*Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*,
   No. 3:09-01211, 2010 WL 1790763 (M.D. Tenn. Apr. 30, 2010) ...........................................7

*In re Am. Serv. Grp., Inc.*,
   No. 3:06-00323, 2006 WL 2503648 (M.D. Tenn. Aug. 29, 2006)...........................................7

*In re BP, PLC Sec. Litig.*,
   758 F. Supp. 2d 428 (S.D. Tex. 2010) ........................................................................................7

*In re Gen. Elec. Sec. Litig.*,
   No. 09 CIV. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ....................................3

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ...............................................................................................1

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ..........................................3, 8

*Lipetz v. Wachovia Corp.*,
   No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ....................................8

*Miller v. Dyadic Intern., Inc.*,
   No. 07-80948-CIV, 2008 WL 2465286 (S.D. Fla. Apr. 18, 2008)............................................1

*Ohio Pub. Employees Ret. Sys. v. Fannie Mae*,
   357 F. Supp. 2d 1027 (S.D. Ohio 2005) ....................................................................................7

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ...............................................................................................7

*Shreves v. Xunlei Ltd.*,
   No. CV-15-04288-MWF (ASx), 2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) .....................4

**Statutes**

15 U.S.C. § 78u-4(a)(1) ...............................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) ......................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ...................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................1, 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..............................................................................................3, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..........................................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .....................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................9

**Rules**

Fed. R. Civ. P. 23 .........................................................................................................1, 5, 6, 7

Fed. R. Civ. P. 23(a)(3) ............................................................................................................2

Fed. R. Civ. P. 23(a)(4) ............................................................................................................2

Fed. R. Civ. P. 42(a) ............................................................................................................3, 4

**Other Authorities**

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *reprinted in* 1995 U.S.C.C.A.N. 730 ...................6, 7

**Docketed Cases**

*In re Beacon Associates Litigation*,
　No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) .......................................................................10

*In re Fannie Mae Securities Litigation*,
　No. 04-1639 (FJL) (D.D.C. 2013) .............................................................................................10

*In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*,
　No. 8145-VCN (Del. Ch. 2015) .................................................................................................10

*In re Initial Public Offering Securities Litigation*,
　No. 21 MC 92 (SAS) (S.D.N.Y. 2009) ......................................................................................10

*In re Marsh & McLennan Companies Securities Litigation*,
　No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ...................................................................................10

*In re Royal Dutch/Shell Transport Securities Litigation*,
　No. 04-374 (JAP) (D.N.J. 2008) ................................................................................................10

*In re Tremont Securities Law, State Law and Insurance Litigation*,
   No. 08-CV-11117 (S.D.N.Y. 2011) ..........................................................................................10

New Mexico Educational Retirement Board ("NMERB") respectfully submits this memorandum of law in support of its motion for: (a) consolidation of related cases; (b) appointment as lead plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (c) approval of its selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and the Barrett Law Office PLLC as lead and liaison counsel, respectively.

## PRELIMINARY STATEMENT

Presently pending in this District are three class action lawsuits (the "Actions") alleging violations of the Exchange Act brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired the common stock of CBL & Associates Properties, Inc. ("CBL") between August 11, 2011 and May 24, 2016, inclusive (the "Class Period").[1] Pursuant to the PSLRA, class action complaints alleging violations of the Exchange Act trigger the statutory lead plaintiff requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Fed. R. Civ. P. 23.

---

[1] The complaints filed in the captioned actions each allege substantially the same wrongdoing during different, overlapping periods. The period of August 11, 2011 and May 24, 2016 is the longest of the class periods alleged. On motions for lead plaintiff, courts generally utilize the longest class period when determining the financial interest of the various movants. *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-14 (E.D.N.Y. 2012) (citing cases); *Miller v. Dyadic Intern., Inc.*, No. 07-80948-CIV, 2008 WL 2465286, at *3-4 (S.D. Fla. Apr. 18, 2008).

NMERB satisfies these requirements. First, NMERB has a tremendous financial interest in this Action. NMERB lost $6,373,736 under FIFO and $5,857,399 under LIFO, respectively.[2] Thus, NMERB has a substantial financial interest that will ensure its vigorous prosecution of the Class's claims. Second, NMERB satisfies Rules 23(a)(3) and (a)(4) of the Federal Rules of Civil Procedure; its claims are typical of the claims of the Class; and it will fairly and adequately represent the interests of the Class. Third, NMERB is a sophisticated and experienced institutional investor – the kind envisioned by Congress to serve as lead plaintiff when it enacted the PSLRA.

Accordingly, for the reasons discussed below, NMERB respectfully requests that the Court grant its motion to consolidate related actions, appoint it as lead plaintiff and approve its choice of counsel.

## SUMMARY OF THE COMPLAINTS

CBL is a self-managed, self-administered, fully integrated real estate investment trust. Through its affiliate, defendant CBL & Associates Limited Partnership, CBL owns, develops, acquires, leases, manages, and operates regional shopping malls, open-air and mixed-use centers, outlet centers, associated centers, community centers, and office properties.

During the Class Period, CBL reported financial results to investors that detailed the Company's refinancing activities and revenues from operations. CBL also certified that it had adequate internal controls, that there were no materially misstated financial statements, and that its filings with the Securities and Exchange Commission ("SEC") were fairly represented in all material respects. Additionally, CBL confirmed that the Company was not engaging in or

---

[2] "FIFO" (first-in-first-out) and "LIFO" (last-in-first-out) are two mechanisms for matching purchases and sales of securities to determine losses suffered from those transactions. LIFO and FIFO are the two principal ways to measure financial interest on motions for appointment as lead plaintiff.

2

assisting with illegal insider trading. Plaintiffs allege that Defendants misled investors through misstatements and omissions concerning CBL's revenue, internal controls, code of ethics, and business operations.

The alleged fraud was revealed to the market on May 24, 2016, when *The Wall Street Journal* ("*WSJ*") broke the news that CBL was being investigated by the SEC and the FBI for misleading lenders about revenue streams and for sharing inside information with Tennessee Senator Robert Corker. When the *WSJ* revealed that CBL was under investigation by the FBI and the SEC for these actions, the price of CBL stock fell approximately 8%.

**ARGUMENT**

**I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that prior to ruling on any motion for lead plaintiff the Court must first determine whether to consolidate any pending actions. 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-] chapter has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."). *Id.* Once the Court makes that ruling, it is required to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation of related actions is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010) (consolidating securities class actions where they "raise[d] similar legal and factual issues"). *Cf. In re Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) ("[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently

3

common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation"). Consolidation is particularly appropriate in securities class action litigation because the unification of cases expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Shreves v. Xunlei Ltd.*, No. CV-15-04288-MWF (ASx), 2015 WL 5446935, at *2 (C.D. Cal. Sept. 15, 2015).

Here, there are three related securities fraud class Actions filed against Defendants on behalf of investors who purchased or otherwise acquired CBL common stock. The Actions are well-suited for consolidation. The complaints filed in each action are substantially similar as they allege similar violations of law and arise from a common nucleus of facts and circumstances relating to CBL. Moreover, each complaint alleges similar and overlapping class periods and is brought against nearly identical defendants. Further, consolidation will avoid duplicative discovery, motion practice, and other proceedings that will result if the Actions are not consolidated. Therefore, Defendants will not be prejudiced by consolidation.

Accordingly, the Court should consolidate the Actions, and any other subsequently-filed related actions pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii) and Fed. R. Civ. P. 42(a).

## II.   THE COURT SHOULD APPOINT NMERB AS LEAD PLAINTIFF

### A.   The Procedure Required By the PSLRA

The PSLRA establishes a straightforward, sequential procedure for selecting a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the Court is to consider

4

within 90 days all motions made by any person who is a member of the proposed class to be appointed lead plaintiff that are filed within 60 days after publication of that notice. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i). Finally, in considering any motion to serve as the lead plaintiff, the Court is required to appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

In adjudicating the lead plaintiff motion, the Court should adopt the presumption that the "most adequate plaintiff" is the person that:

> i) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, NMERB satisfies the foregoing criteria.

### B. NMERB is the Most Adequate Plaintiff

NMERB respectfully submits that it is presumptively the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

### 1. NMERB Has Complied with the PSLRA and is Willing to Serve as a Class Representative

On May 27, 2016, counsel caused a notice (the "Notice") to be published that announced that a securities class action had been filed against, among others, CBL, and which advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as a lead plaintiff in the action. *See* Seidman Decl. Ex. 1. NMERB has reviewed one of the complaints filed in the Actions and has timely filed its motion pursuant to the Notice. In doing so, NMERB has attached its certification attesting to its willingness to serve as a representative of the Class and provide testimony at deposition and trial, if necessary. *See* Seidman Decl. Ex. 2. Accordingly, NMERB satisfies the procedural requirements of the PSLRA.

### 2. NMERB is an Institutional Investor with the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

NMERB has a substantial financial interest in these Actions. NMERB lost $6,373,736 under FIFO and $5,857,399 under LIFO, respectively. *See* Seidman Decl. Ex. 3. NMERB believes that given these losses it is the presumptive "most adequate plaintiff" and should be appointed as lead plaintiff in the Actions.

Additionally, NMERB is the type of institutional investor envisioned by Congress to serve as lead plaintiff. Indeed, the legislative history of the PSLRA demonstrates that Congress intended to encourage institutional investors, such as NMERB, to serve as lead plaintiff in securities class actions. H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.), *reprinted in* 1995

6

U.S.C.C.A.N. 730, 733. This congressional preference has been noted repeatedly by the courts within this Circuit and elsewhere. *See*, *e.g.*, *Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc*. No. 3:09–01211, 2010 WL 1790763, at *3 (M.D. Tenn. Apr. 30, 2010) ("the PSLRA's legislative history reflects a Congressional intention to favor institutional investors that have the greater financial resources and experience to satisfy their fiduciary duties to the class members"); *In re Am. Serv. Grp., Inc*., No. 3:06-00323, 2006 WL 2503648, at *3 (M.D. Tenn. Aug. 29, 2006) (same); *Ohio Pub. Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1035 (S.D. Ohio 2005) (same); *see also In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 439 (S.D. Tex. 2010) ("the PSLRA expresses a strong preference for institutional investors to serve as lead plaintiffs"); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 477 (S.D.N.Y. 2011) ("Congress has instructed [that securities class actions] should be guided by institutional investors").

Therefore, appointing NMERB as lead plaintiff will accomplish exactly the purpose Congress meant to accomplish in enacting the PSLRA: entrusting securities class actions to strong, institutional investors with significant financial stakes in the relief sought by the class.

### 3. NMERB Meets the Requirements of Fed. R. Civ. P. 23

NMERB satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA. *See*, *e.g.*, *Burgraff v. Green Bankshares, Inc.*, No. 2:10-CV-00253, 2011 WL 613281, at *3 (E.D. Tenn. Feb. 11, 2011) (at the lead plaintiff stage, only a *prima facie* showing of typicality and adequacy is required).

#### (a) NMERB's Claims Are Typical of Those of the Class

A claim is typical under Rule 23 if "it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the

7

same legal theory." *Burgraff*, 2011 WL 613281, at *3 (citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007)). NMERB's claims are typical of the Class in that it: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases its claims on the same, or substantially the same, legal theories as the Class. 2011 WL 613281, at *3. *See also* Seidman Decl. Ex. 1.

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to NMERB as to all members of the Class. Because NMERB's claims have the same essential characteristics as those of the other class members, the typicality requirement is satisfied.

### (b) NMERB Will Fairly and Adequately Protect the Interests of the Class

"The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members." 2011 WL 613281, at *3. *See also Regions Morgan Keegan*, 2010 WL 5173851, at *5 ("[t]o demonstrate adequacy, a potential lead plaintiff must demonstrate that it has both the ability and the incentive to represent the class's claims aggressively").

NMERB is an adequate lead plaintiff. NMERB and members of the Class have the same interest: to maximize the recovery from Defendants. Because of NMERB's substantial financial stake in the litigation, Class members can be assured that NMERB has the incentive to vigorously prosecute the claims. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting that an institutional investor's "substantial

8
Case 1:16-cv-00165-TWP-CHS   Document 35   Filed 07/26/16   Page 13 of 18   PageID #: 539

financial stake in the litigation" suggests that "as lead plaintiff, [the institutional investor] would prosecute the claim vigorously").

Additionally, NMERB has demonstrated its adequacy through its selection of Bernstein Liebhard as lead counsel for the Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

### III. THE COURT SHOULD APPROVE NMERB'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. 4 for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel or co-lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. Bernstein Liebhard has also been listed in *The Legal 500*, a guide to the best commercial law firms in the United States, for the past ten years, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for the past four years. Bernstein Liebhard was

9

also selected for the second consecutive year to the *National Law Journal's* annual "America's Elite Trial Lawyers" list.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action);

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement); and

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009). The *IPO* litigation was one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million recovery for shareholders.

Similarly, Patrick Barrett of the Barrett Law Office PLLC has practiced before the Eastern District of Tennessee and is well qualified to serve as liaison counsel. Patrick Barrett is a member of the Tennessee bar and was admitted to the Eastern District of Tennessee in 2004. For over 20 years, he has focused on complex litigation including class action matters. Patrick Barrett also represents whistleblowers who expose corporate and government fraud.

## CONCLUSION

For the foregoing reasons, NMERB respectfully requests that this Court: (1) consolidate the related actions; (2) appoint NMERB as lead plaintiff in the Actions, and all subsequently-filed, related actions; and (3) approve NMERB's selection of Bernstein Liebhard and the Barrett Law Office PLLC as lead and liaison counsel, respectively.

Dated: July 26, 2016

Respectfully submitted,

/s/ Patrick Barrett
_____
Patrick Barrett (BPR # 020394)
**BARRETT LAW OFFICE, PLLC**
4205 Hillsboro Pike
Suite 303
Nashville, Tennessee 37215
Tel: (615) 463-4000
Fax: (615) 463-3717 fax
pbarrett@barrettlawofficetn.com

*Liaison Counsel for NMERB and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
(bernstein@bernlieb.com)
Michael S. Bigin (bigin@bernlieb.com)
Stephanie M. Beige (beige@bernlieb.com)
Joseph R. Seidman, Jr.
(seidman@bernlieb.com)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218

*Counsel for NMERB and Proposed Lead Counsel for the Proposed Class*

**NEW MEXICO EDUCATIONAL RETIREMENT BOARD**
Roderick Ventura, General Counsel
(roderickp.Ventura@state.nm.us)
P.O. Box 26129
Santa Fe, New Mexico 87502

Tel: (505) 476-6152
Fax: (505) 827-1855

**OFFICE OF THE NEW MEXICO
ATTORNEY GENERAL**
Hector Balderas, Attorney General
P. Cholla Khoury, Director, Consumer and
Environmental Protection
(ckhoury@nmag.gov)
Post Office Drawer 1508
Santa Fe, New Mexico 87504-1508
Tel: (505) 827-7484

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing was served on July 26, 2016, via the District CM/ECF system on all counsel of record.

                                  */s/ Patrick Barrett*
                                  Patrick Barrett

13

Case 1:16-cv-00165-TWP-CHS   Document 35   Filed 07/26/16   Page 18 of 18   PageID #: 544